UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

HECTOR ESCUDERO-APONTE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 97-1447 (JAF)
(Criminal No. 87-005)

## OPINION AND ORDER

Petitioner, Héctor Escudero-Aponte, moved to vacate his sentence pursuant to 28 U.S.C. § 2255 (1994). Between the time that Petitioner filed his motion and we ruled upon it, the Federal Public Defender moved to withdraw as Petitioner's counsel and to be replaced by a private attorney, Ms. Laura Maldonado. We denied the motion.

Subsequently, on December 15, 1998, we entered judgment summarily dismissing Petitioner's section 2255 motion. However, Petitioner's counsel, the Federal Public Defender, never received notification of our denial. Almost five months later, on May 6, 1999, Attorney Maldonado informed the Public Defender that we had dismissed Petitioner's section 2255 motion.

On May 14, 1999, the Public Defender requested leave to file a notice of appeal in this case because of excusable neglect due to

Civil No. 97-1447 (JAF)                                                                       2-

non-notification of dismissal of Petitioner's motion. In the motion, the Public Defender noted that Fed. R. App. P. 4(b) has a ten-day statutory period for filing a Notice of Appeal. However, the Public Defender stated that she was filing the motion seeking permission to file a notice of appeal late in order to avoid a section 2255 petition addressing the lack of notification. We granted Petitioner's motion on July 20, 1999, and Petitioner filed his Notice of Appeal with the First Circuit on July 30, 1999, within the ten-day proscribed statutory period.

The First Circuit retained jurisdiction, but remanded the case for a determination of whether to treat Petitioner's motion as a request for relief under FED. R. APP. P.(a)(6) or, alternatively, upon what grounds we granted the motion.

I.

Federal Rule of Appellate Procedure 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopened is entered, but only if all the following conditions are satisfied:
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

Civil No. 97-1447 (JAF) 3-

        (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6). Congress amended the Rule to provide "a limited opportunity for relief in circumstances where the notice of entry of a judgment or order . . . is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal." FED. R. APP. P. 4(a) advisory committee's note (1991 Amendment). However, "nothing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons." <u>Clark v. Lavallie</u>, 204 F.3d 1038, 1040 (10th Cir. 2000). Furthermore, the 180-day period "establishes an outer time limit . . . for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal . . . ." FED. R. APP. P. 4(a) advisory committee's note (1991 amendment).

    After careful review of the record, we find that Petitioner has not met the limitations of Rule 4(a)(6). Petitioner's counsel received written notice of our dismissal of the section 2255 motion on May 6, 1999. Eight days later, on May 14, 1999, Petitioner filed motion for leave to file a notice of appeal. This is simply not within the seven-day statutory period. <u>See</u> FED. R. APP. P. 4(a)(A). Although we find this to be an unpalatable result, we are not empowered to alter statutory limits.

Civil No. 97-1447 (JAF) 4-

## II.

In accordance with the foregoing, we **DENY** Petitioner's motion for leave to file an appeal.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 29th day of June, 2000.

JOSE ANTONIO FUSTE
U. S. District Judge

AO 72
(Rev 8/82)